IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

Nos. 01-30627 & 01-31273
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT H. SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CR-50032-1

_____

June 6, 2002

Before POLITZ[*], JONES, and DENNIS, Circuit Judges.

PER CURIAM:[**]

Robert H. Smith appeals the denial of his new trial and 18 U.S.C. § 2255

motions, asserting that newly discovered evidence entitles him to a new trial and

_____

[*] Judge Politz concurred in the above opinion before his death on May 25, 2002.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that his trial counsel was ineffective by failing to discover the evidence and for not moving to dismiss Count 3 of the indictment on the basis of improper venue. Concluding that Smith has failed to demonstrate that the newly discovered evidence would probably produce an acquittal or prejudice stemming from his counsel's allegedly ineffective assistance, we affirm.

We review the district court's denial of a motion for new trial based on newly discovered evidence for abuse of discretion.[1] "[T]o warrant a new trial on the basis of newly discovered evidence, a defendant must demonstrate that: (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence introduced at a new trial would probably produce an acquittal."[2] Smith claims that had the jury been informed that the July 7, 1987, letter was written on stationary that was out of use for more than six years prior to the date of the alleged back-dating, he would likely have been acquitted. He does not, however, challenge the district court's conclusion that his lack of credibility precluded him from establishing that the new evidence probably would have produced an acquittal.

---

[1] United States v. Lowder, 148 F.3d 548, 551 (5th Cir. 1998).

[2] Id.

2

Accordingly, he has failed to establish, as required, that the introduction of the new evidence probably would have resulted in an acquittal.

Smith further contends that his counsel was ineffective because he failed to investigate the genuineness of the 1987 letter and failed to move for a dismissal for improper venue on Count 3. Smith has failed to establish prejudice as required by Strickland v. Washington.[3] He has not established, or even asserted, that the venue rendered the proceeding unfair or that had Count 3 been tried in a different venue the result would have been different. Similarly, as related above, he does not challenge the district court's finding that the issue of evidence was one of credibility and that he manifestly was not credible.

The judgment of the district court is AFFIRMED.

---

[3] 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.").